U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
SEP 1 6 2025
AT____ O'CLOCK____
John M. Domurad, Clerk - Albany

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) Criminal No. | 1:25-CR- 376 AMN |
| | ) | |
| v. | ) **Indictment** | |
| | ) | |
| **SARAH BLOOD,** | ) Violation: | 18 U.S.C. § 666(a)(1)(A) |
| | ) | [Federal Program Theft] |
| | ) | |
| | ) 1 Count and Forfeiture Allegation | |
| | ) | |
| **Defendant.** | ) County of Offense: | Schoharie |

**THE GRAND JURY CHARGES:**

**COUNT 1**
**[Federal Program Theft]**

From in or around July 2020 through in or around October 2023, in Schoharie County in the Northern District of New York, and elsewhere, the defendant, **SARAH BLOOD**, an agent of an organization, that is, the State Agricultural and Rural Leaders, Inc. ("SARL"), stole, embezzled, and otherwise without authority knowingly converted to the use of a person other than the rightful owner, property valued at $5,000 or more, that is, money obtained by fraudulent transfers, direct deposits, and debit card purchases for the defendant's personal benefit from an account containing funds of SARL, which property was owned by, and was under the care, custody, and control of the SARL, an organization that received, in any one year period, benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, and other form of federal assistance, in violation of Title 18, United States Code, Section 666(a)(1)(A).

## FORFEITURE ALLEGATION

1. The allegations contained in Count 1 of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(3).

2. Upon conviction of an offense in violation of Title 18, United States Code, Section 666(a)(1)(A), as set forth in Count 1 of this indictment, the defendant, **SARAH BLOOD**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(3), any property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, which constitute and are derived from proceeds traceable to the offense of conviction. The property to be forfeited includes, but is not limited to, the following:

    a. a money judgement in an amount to be determined.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

Dated:  September 16, 2025

A TRUE BILL,

_____
Grand Jury Foreperson

JOHN A. SARCONE III
Acting United States Attorney

By: _____
Matthew Paulbeck
Assistant United States Attorney
Bar Roll No. 705086

3